PER CURIAM:
Claimant brought this action for vehicle damage sustained when his wife was driving his vehicle southbound on Rock Cliff Drive toward Martinsburg and the vehicle struck a hole in the road surface.[1] Rock Cliff Drive is a road maintained by respondent in Berkeley County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on September 23, 1999, at approximately 9:00 a.m. On the clear morning in question, claimant’s wife, Brenda L. Br aithwaite, w as dr iving c laimant’s 1995 F ord Windstar s outhbound o n R ock Cliff Drive at a speed of thirty to thirty-five miles per hour toward claimant’s place of employment. Mr. Braithwaite and his grandson were passengers in the vehicle at the time. Rock Cliff Drive is a two-lane asphalt road with a speed limit of forty five miles per hour. About a block after Ms. Braithwaite drove across the 1-81 overpass bridge and entered into a curve in the road, the vehicle struck a four to six inch hole on the edge of the pavement that had deteriorated into the white line indicating the edge of the road surface. The impact burst the vehicle’s passenger side front tire and bent the wheel rim. Ms. Braithwaite then proceeded to the nearby state road shed and informed respondent of the incident. According to Ms. Braithwaite, she was informed by respondent’s employees at the state road shed that they were aware of the hole, but had not repaired it. Since claimant has a deductible feature of $500.00, he was personally responsible for the sustained loss of $409.84, the lower of the estimates provided to the Court.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
*175 In this present claim, the evidence adduced at the April 20, 2000, hearing established that respondent had actual notice of t he ho le on Rock Cliff Drive in Berkeley County and failed to assure the safety of the traveling public. Consequently, there is sufficient evidence of negligence upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to make an award in this claim.
Award of $409.84.

 At the April 20,2000, hearing, the Court amended the style of the claim to reflect the fact Mr. Braithwaite was the only owner of the vehicle.